UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAUN I,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO,[2] COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:24-CV-528-SJF |

**OPINION and ORDER**

Plaintiff Shaun I. ("Mr. I"), seeks judicial review of the Social Security Commissioner's decision denying Mr. I's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act").  This Court may enter a ruling in this matter based on the parties' consent pursuant to 28 U.S.C. § 636(b)(1)(B) and 42 U.S.C. §405(g).  [DE 9].  For the reasons discussed below, the Court affirms the decision of the Commissioner of the Social Security Administration ("SSA").

I.  **OVERVIEW OF THE CASE**

On June 20, 2021, Mr. I protectively filed a Title II application for a period of disability insurance benefits, alleging disability beginning June 6, 2019.  The claim was denied initially on January 4, 2022, and upon reconsideration on September 30, 2022.

---

[1]  To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name and last initial only.
[2] Frank Bisignano was sworn into the office of Commissioner of Social Security on May 7, 2025, and he is substituted as Defendant is his official capacity as Commissioner.

1

(Administrative Record at 26[3]; hereafter "AR").  (AR 26).  On September 15, 2023, the Administrative Law Judge held a hearing by telephone.  Mr. I appeared by telephone, represented by attorney Robert Phongchaleun at the hearing and attorney Steven J. Glaser generally.  (AR 50, 103).  Also appearing and testifying was Dewey Franklin, an impartial vocational expert.  (AR 26).  Mr. I requested further review of the ALJ's decision, and the Appeals Council denied this request on April 30, 2024 (AR 1), leaving the ALJ's decision as the final decision of the Commissioner. *Fast v. Barnhart*, 397 F.3d 468, 470 (7th Cir. 2005).

Mr. I filed suit in this court on June 28, 2024. This court has jurisdiction under 42 U.S.C. § 405(g).

**II.   APPLICABLE STANDARDS**

### A. Disability Standard

To qualify for DIB, a claimant must be "disabled" as defined under the Act. A person is disabled under the Act if "he or she has an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §423(d)(1)(A).  Substantial gainful activity is defined as work activity that involves significant physical or mental activities done for pay or profit. 20 C.F.R § 404.1572.

---

[3] Refences to the Administrative Record in this Opinion and Order are made to the black, bold-faced numeral in the bottom, right-hand corner of each page.

The Commissioner's five-step sequential inquiry in evaluating claims for DIB under the Act includes determinations regarding: (1) whether the claimant is engaged in SGA; (2) whether the claimant's impairments are severe; (3) whether any of the claimant's impairments alone or in combination, meet or equal one of the Listings in Appendix 1 to Subpart P of Part 404; (4) whether the claimant can perform his past relevant work based upon his Residual Functional Capacity ("RFC"); and, if not, (5) whether the claimant is capable of performing other work. 20 C.F.R. §§ 404.1520; 416.920.[4] The claimant bears the burden of proof at every step except Step Five, where the burden of proof shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), as amended (Dec. 13, 2000).

**B.    Standard of Review**

The Court has authority to review a disability decision by the Commissioner pursuant to 42 U.S.C. § 405(g).  However, this Court's role in reviewing social security cases is limited.  *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).  The question on judicial review is not whether the claimant is disabled; rather, the Court considers whether the ALJ used "the correct legal standards and [whether] the decision is supported by substantial evidence."  *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2014) (citing *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009)).

The Court's deference to the ALJ's decision is lessened where the ALJ's findings contain errors of fact or logic or fail to apply the correct legal standard. *Schomas v.*

---

[4] Regulations governing applications for DIB and SSI are almost identical and are found at 20 C.F.R. § 404 and 20 C.F.R. § 416 respectively.  Going forward, this Opinion and Order will only refer to 20 C.F.R. § 404 unless explicit distinction between the DIB and SSI regulations is necessary.

*Colvin*, 732 F.3d 702, 709 (7th Cir. 2013). At a minimum, the ALJ must articulate her analysis of the record to allow the reviewing court to trace the path of her reasoning and to be assured the ALJ has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ is not required to address every piece of evidence in the record so long as she provides a glimpse into the reasoning behind her analysis to build the requisite "logical bridge" from the evidence to her conclusions. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). If there is evidence that contradicts a finding of disability, however, the ALJ must confront it and explain why it was rejected. *Moore v. Colvin*, 743 F.3d 118, 1123 (7th Cir. 2014) (citing *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)).

Additionally, an ALJ's decision cannot stand if it lacks evidentiary support or inadequately discusses the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). Substantial evidence has also been understood as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); see *Summers v. Berryhill,* 864 F.3d 523, 526 (7th Cir. 2017). The Supreme Court has also noted that "substantial evidence" is a term of art in administrative law, and that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" in social security appeals. *Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).* The Court reviews the entire administrative record to determine whether substantial evidence exists, but it may not reconsider facts, reweigh the

4

evidence, resolve conflicts of evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Thus, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan,* 985 F.2d 334, 336 (7th Cir. 1993). If, however, an error of law is committed by the Commissioner, then the "court must reverse the decision regardless of the volume of evidence supporting the factual findings." *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). Finally, where it is clear the ALJ's decision would not be overturned by remanding the issue for further consideration, the doctrine of harmless error applies to prevent remand. *Keys v. Barnhart*, 347 F.3d 990, 994-95 (7th Cir. 2003).

If the ALJ's decision is not supported by substantial evidence, remand is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). Conversely, "[a]n award of benefits is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

### III.    DISCUSSION

#### A.    Summary of ALJ's Decision Denying Benefits

At Step One, an ALJ's inquiry focuses on whether a claimant is engaging in substantial gainful activity. Here, the ALJ determined that Mr. I had not engaged in substantial gainful activity since June 6, 2019, the alleged onset date (20 CFR § 404.1571 *et seq.*).

At Step Two, an ALJ's inquiry focuses on whether the claimant's impairments are severe. For an impairment to be considered severe, an impairment or combination of impairments must significantly limit the claimant's ability to perform basic work-related activities. 20 CFR § 404.1521. The ALJ concluded that Mr. I has the following severe impairments: obesity, lumbar disease, type II diabetes mellitus with neuropathy, asthma, and major depressive disorder under 20 CFR § 404.1520(c).

At Step Three the ALJ focuses on whether the impairment meets or equals one of the listed impairments. The ALJ concluded that Mr. I does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526). The record, according to the ALJ, did not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment. The ALJ considered the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526, specifically Listings 1.15, 1.16, 3.00(E)(1), SSR 14-2p and under Listing 9.00, and Listing 12.04). The ALJ concluded that Mr. I possessed the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b). Specifically, she determined that Mr. I has the following residual functional capacity:

> sedentary work as defined in 20 CFR 404.1567(a) except he cannot climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl, and climb ramps and stairs; cannot have exposure to fumes, dust, odors, gases, poor ventilation, vibration, or hazards such as high

> exposed places or moving mechanical parts; he can understand, remember, and carry out simple instructions; he can use judgment to make simple work-related decisions; he cannot perform work requiring a specific production rate, such as assembly-line work or work that requires hourly quotas; and he requires use a cane for ambulation.

(AR 31) (emphasis omitted).

At Step Four the ALJ must determine whether the claimant can perform past relevant work. The ALJ concluded that Mr. I had past relevant work as an assistant retail manager. The ALJ observed that the vocational expert testified that the claimant's residual functional capacity prevented his return to his work as an assistant retail manager and the ALJ concluded that Mr. I was unable to perform his past relevant work as actually or generally performed.

Finally, at Step Five, the ALJ must determine if the claimant able to perform any other work in the national economy. The ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569 and 404.1569a). The ALJ therefore concluded that the claimant has not been under a disability, as defined in the Social Security Act from June 6, 2019, through the date of the ALJ's decision (20 CFR § 404.1520(g)).

### B. Issues for Review

Mr. I argues that the ALJ erred in evaluating the medical opinion of Consultative examiner Scott Ehmen, M.D. that Mr. I required a cane for balance in fashioning the claimant's RFC to perform certain kinds of limited sedentary work. Dr. Ehmen concluded the following:

> The patient is able to communicate effectively and is able to maintain focus and concentration. The patient is able to interact socially. The patient has no memory impairment. The patient is able to stand/walk for at least 2 hours in an 8 hour day. The patient is able to stand at least 2 hours in an 8 hour day. Should be able will need seated breaks with standing about 2 hours through the day. The patient is able to walk at least 2 hours in an 8 hour day. Should be able to walk about 25% of this time with short frequent seated breaks and short distances. Sitting work and activity is possible. The patient does, need to alternate standing and sitting frequently. The patient is able to lift over 10 pounds occasionally. The patient should be able to lift 10-15 pounds occasionally. Patient is able to lift under 10 pounds frequently. The patient is able to perform gross motor movements effectively on a sustained basis. The patient is able to perform fine motor movements effectively on a sustained basis. The patient is able to button, zip and pick up coins. The patient needs to use an assistive device for balance when ambulating for longer distances. (Do not believe this was prescribed by a physician.) Am not able determine if this is permanent limitation, depending on treatment by treating physicians. The patient will be able to maintain good balance ambulating with the device and carrying weight of less than 10 pounds with the unoccupied extremity. Should be able to carry 5 pounds.

(AR 695-696).

Mr. I argues that the ALJ's acceptance of nearly all of Dr. Ehman's opinion but not Dr. Ehman's conclusion that the claimant needed a cane for balance is insufficient and moreover, Dr. Ehman's opinion that the claimant needed a cane for balance should have been included in the RFC.

The commissioner argues that the ALJ properly assessed Dr. Ehman's opinion that plaintiff could perform a limited range of sedentary work. Further the commissioner argues that the ALJ correctly considered the factors under the governing regulations and adequately addressed supportability and consistency. 20 C.F.R. § 404.1520c(b)(2), (c)(1)-(2).

According to the commissioner, the ALJ incorporated Dr. Ehman's opinion that plaintiff needed a cane when walking, specifically, the RFC's provision that plaintiff "requires use [of] a cane for ambulation" incorporated Dr. Ehman's opinion that plaintiff "needs to use an assistive device for balance when ambulating for longer distances."(*Compare* AR 31 *with* AR 696).

### C. Analysis

A claimant's RFC is the most activity in which he can engage in a work setting despite the physical and mental limitations that arise from her impairments and related symptoms. 20 C.F.R. § 404.1545(a)(1). The RFC is an administrative finding that functions as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis"; it is not a medical opinion. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996); *see also Marner v. Berryhill*, No. 1:17-CV-113-WCL, 2018 WL 360332, at *5 (N.D. Ind. Jan. 11, 2018). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1. The RFC is the most someone "can do despite their mental and physical limitations." 20 C.F.R. § 404.1545(a)(1) and § 416.945(a)(1); SSR 96-8p 1996 WL 374184, at *1. A claimant's RFC must include limitations for all medically determinable impairments, including non-severe impairments. 20 C.F.R. § 404.1545(a)(2). The "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts." SSR 96-8p, 1996 WL 374184, at *7. This "analysis must say enough to

enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021).

For claims filed after March 27, 2017, such as Mr. I's claim, an ALJ "does not give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The regulations instead require an ALJ to explain "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Persuasiveness of a medical opinion is based upon several factors: supportability; consistency; relationship with the claimant, including the length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; and specialization. 20 C.F.R. § 404.1520c(c)(1)-(4). Other factors the ALJ may consider include, but are not limited to, evidence showing familiarity with the other evidence in the claim or an understanding of the relevant policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c)(5).

The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion," while "consistency assesses how a medical opinion squares with other evidence in the record." *Michelle D. v. Kijakazi*, No. 21 C 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022) (internal citation omitted). Accordingly, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his

or her medical opinion(s) . . ., the more persuasive the medical opinion(s) . . . will be." Id. § 404.1520c(c)(1). Likewise, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." Id.

The ALJ must "explain how [she] considered the supportability and consistency factors." Id. "Failure to adequately discuss supportability and consistency requires remand." Willis v. Acting Comm'r of Soc. Sec., Case No. 3:21-CV-178 JD, 2022 WL 2384031, at *3 (N.D. Ind. July 1, 2022) (citing Tammy M. v. Saul, No. 2:20CV285, 2021 WL 2451907, at *7 (N.D. Ind. June 16, 2021)). However, the ALJ is not required to explain how [s]he considered the other factors if they are not relevant to the decision. Id. Consistent with general legal standards for reviewing social security cases, an ALJ need only "minimally articulate [her] reasoning for how [s]he assessed a medical opinion, [but] [s]he must still consider the regulatory factors and build a 'logical bridge' from the evidence to [her] conclusion." Taylor v. Kijakazi, No. 2:22-cv-32-PPS-JPK, 2023 WL 334601, at *3 (N.D. Ind. Jan. 20, 2023) (internal citation omitted). "At the end of the day, once the administrative law judge properly considers these factors, we must allow that decision to stand so long as the administrative law judge minimally articulated his reasons—a very deferential standard that we have, in fact, deemed lax." Crowell v. Kijakazi, 72 F.4th 810, 816 (7th Cir. 2023) (quotation marks and citation omitted).

The consultative examiner, Scott Ehmen, M.D., concluded that Mr. I required the use of an assistive device when ambulating for longer distances. Mr. I argues that the

ALJ failed to properly consider Dr. Ehman's statement that Mr. I required the use of a cane to maintain balance. However, Mr. I misreads Dr. Ehman's conclusion because Dr. Ehman clearly stated that Mr. I required the use of an assistive device for balance "*when ambulating for longer distances*." (emphasis added). There is nothing in Dr. Ehman's report that Mr. I required a cane as a standing limitation. The claimant asserts that the ALJ only accepted a portion of Dr. Ehman's opinion in order to reject a finding of disability. However, the ALJ accepted Dr. Ehman's report as written. It is the claimant who is extrapolating Dr. Ehman's conclusion that the claimant requires a cane for ambulation over longer distances to argue that the claimant also requires the cane while standing.

Mr. I argues that the ALJ rejected the opinion of the agency's own examining physician that the claimant is disabled, citing *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). To the extent Mr. I argues that this is an evidentiary deficit, an ALJ's decision not to adopt any medical opinion does not necessarily mandate remand. Indeed, while "an ALJ must consider the entire record [in forming an RFC] the ALJ is not required to rely entirely on a particular physician's opinion or choose between opinions of any of the claimant's physicians." *Gase v. Comm'r of Soc. Sec*, No. 1:23-CV-00295-SLC, 2024 WL 3565473, at *4 (N.D. Ind. July 25, 2024) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). Other courts in this Circuit have found that "[t]he mere fact that the ALJ discounted these physicians' opinions about [a claimants] limitations and crafted a physical RFC from the totality of the evidence of record is not grounds for remand."

*Gase*, 2024 WL 3565473 at *4; *see also Laughton v. O'Malley*, No. 1:23-CV-35-HAB, 2024 WL 748752, at *5 (N.D. Ind. Feb. 22, 2024) ("Thus, there is not an evidentiary deficit simply because an ALJ rejects the opinions of the agency reviewing and consulting physicians. Rather, the question is whether the rest of the record supports the ALJ's RFC assessment.") Put another way, "the caselaw in this Circuit supports the assertion that an ALJ rejecting all medical opinions may, but does not always, create an evidentiary gap in the record that requires remand." *Michael B. v. Bisignano*, No. 4:24-CV-00043-KMB-TWP, 2025 WL 1770747, at *2 (S.D. Ind. June 26, 2025). Thus, the Court must consider an ALJ's analysis of the record to determine whether it supports the ALJ's RFC determination here.

The commissioner argues that it is unambiguously the ALJ's duty to evaluate medical opinions by judging their consistency with "the record as a whole," which includes objective medical evidence. 20 C.F.R. § 404.1527(c)(4). This Court agrees with the commissioner. Here, the ALJ reviewed the record as a whole and concluded that the plaintiff needed a cane for walking but not standing. The ALJ's conclusion is consistent with Dr. Ehman's opinion. The ALJ noted that Dr. Ehman did not opine that plaintiff needed a cane while standing. (AR 41 (citing AR 696)), and she further noted Dr. Ehman's belief that no doctor had prescribed plaintiff a cane. *Id.*

The ALJ stated that Mr. I's primary-care provider did not note that plaintiff used a cane the day after his purportedly disabling February 2019 back injury. (AR 33 (citing AR 601-02)). Nor did a pain-management specialist note that plaintiff used a cane at a May 2019 visit. (AR 34 (citing AR 653)). The ALJ further observed that Mr. I's

13

orthopedic surgeon, Jeffrey Watts, D.O., did not prescribe a cane. (AR 34-35). Indeed, plaintiff walked without an assistive device at some visits with Dr. Watts. (AR 383, AR 391, AR 395).

In a nutshell, Mr. I's contention that the ALJ did not properly consider Dr. Ehman's opinion is not supported by record. To the contrary, substantial evidence in the record supports the opinion of the ALJ.

## IV.  CONCLUSION

For all the foregoing reasons, substantial evidence supports the ALJ's decision, and specifically the ALJ's RFC finding. Therefore, the Court **AFFIRMS** the Commissioner's decision.

**SO ORDERED** this 27th day of January 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge
